*Tagged Opinion*
*For publication*



**ORDERED in the Southern District of Florida on July 28, 2016.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Case No. 15-31499-BKC-LMI |
| | Chapter 7 |
| MARC I. HANSMAN, | |
| Debtor. / | |
| MIGUEL FIRPI, | Adv. Case No. 16-01093-LMI |
| Plaintiff, | |
| v. | |
| MARC I. HANSMAN, | |
| Defendant. / | |

**ORDER DENYING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT MARC I. HANSMAN AND SETTING DEADLINE TO RESPOND TO REQUEST FOR DISMISSAL**

THIS MATTER came before the Court on May 11, 2016 at 2:30 p.m. on the *Motion for Entry of Final Default Judgment Against Defendant Marc I. Hansman* (ECF

#8) (the "**Motion**") filed by Plaintiff, Miguel Firpi (the "**Plaintiff**"). This dispute concerns whether the professional fees of $4,000.00 incurred by the Plaintiff in his capacity as the Court-appointed Evaluator of Marc I. Hansman's (the "**Debtor**") Minor Child (the "**Minor Child**") as well as attorney fees of $2,450.00 awarded by the state court in connection with Plaintiff's collection efforts, are excepted from discharge, pursuant to sections 523(a)(5) or 523(a)(15) of the Bankruptcy Code. For the reasons set forth below, the Court finds that the $6,450.00 is not excepted from discharge.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §523. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(I).

A court's standard of review for a motion for default judgment is whether the facts in the complaint, accepted as true, form a sufficient basis for the entry of judgment against the defendant. *Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*, 606 F. App'x. 548, 553 (11th Cir. 2015). In other words, even if a properly served defendant defaults, the plaintiff is not entitled to a final default judgment if the complaint fails to state a cause of action.

## FACTS

1. The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code on December 11, 2015 (the "**Petition Date**") (Main Proceeding[1] ECF #1).

2. The Plaintiff filed a *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15)* (the "**Complaint**") (Adversary Proceeding ECF #1). The Complaint alleges that the Plaintiff's claim for professional fees arising from a family court order is (i) a debt that is in the nature of or related to child support and constitutes a domestic support obligation and excepted from discharge, pursuant to 11 U.S.C. §523(a)(5) of the Bankruptcy Code; or (ii) a debt incurred in connection with issues raised by the Debtor in the dissolution proceeding and related to welfare, custody, and support of a minor child and excepted from discharge, pursuant to 11 U.S.C. §523(a)(15) of the Bankruptcy Code.

---

[1] Case No. 15-31499

3. On March 22, 2016, this Court issued its Order (Main Proceeding ECF #32) granting the Debtor's discharge as to obligations deemed dischargeable under the Bankruptcy Code.

4. The Complaint alleges that prior to the Petition Date, the Debtor was a party to a dissolution of marriage proceeding styled *In re Matter of Erin Elaine Westberry and Marc Isaac Hansman*, Case No. 2010-14168-FC-07 PJ, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "**Divorce Proceeding**").

5. The Complaint further alleges that pursuant to an order dated January 23, 2014, as amended by an order dated June 17, 2014, the Plaintiff was appointed by the court in the Divorce Proceeding to evaluate the Minor Child in connection with issues presented by the Debtor and bearing on the welfare, custody, and support of the Minor Child.

6. The Complaint further alleges that, in connection with professional services rendered and authorized by the orders issued in the Divorce Proceeding, Dr. Firpi charged fees of $8,000.00. The Debtor and his former spouse "agreed to be personally liable for 50% of the professional fees incurred or to be incurred." The Debtor's former spouse paid her share of the fees; the Debtor did not. The Plaintiff then asked the state court to compel the Debtor's payment of the fees. Consequently, the Plaintiff claims an additional $2,450.00 for attorney's fees incurred by the Plaintiff in seeking payment by the Debtor of the initial $4,000.00, which fees were approved by the state court.

7. The Plaintiff obtained a Clerk's Default (Adversary Proceeding ECF #6) and then filed the Motion for Default Judgment, seeking entry of a Final Judgment based on the Complaint and the Defendant/Debtor's failure to respond.

8. The Court set the Motion for Default Judgment for hearing, as is the Court's regular practice, because the Defendant/Debtor is pro se in this Adversary Proceeding. Although prior to the hearing the Debtor had not responded, the Debtor did appear at the hearing. At the hearing the Court expressed some concern regarding whether the Complaint states a cause of action and requested the Plaintiff's counsel brief the issue.

9. On May 25, 2016, the Debtor filed a Response to the Plaintiff's Motion for Final Default Judgment (Adversary Proceeding ECF #13), asserting that the Complaint is not well plead and fails to state a claim under either section 523(a)(5) or section 523(a)(15) upon which this Court may grant relief, and requesting this Adversary Proceeding be dismissed.

## **ANALYSIS**

### I. Exceptions to a Debtor's Discharge Under Section 523(a)(5)

Section 523(a)(5) excepts from discharge all "domestic support obligations." 11 U.S.C. §523(a)(5). Section 101(14A) defines a "domestic support obligation" as

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
>
> (A) owed to or recoverable by —
>   (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of —
>   (i) a separation agreement, divorce decree, or property settlement agreement;
>   (ii) an order of a court of record; or
>   (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A).

Thus, in order for the Plaintiff's debt to be non-dischargeable under section 523(a)(5) the Plaintiff must allege and prove:

    a) that the debt is owed to or recoverable by the debtor's spouse, former spouse, or his child;

        b)       that the debt is in the nature of support of the child; and

        c)       that the debt was established by order of the court.

The Debtor argues the Plaintiff's debt is dischargeable because it is not support and it is not owed to or recoverable by his former spouse or child. There is no question that the debt was established by order of the court. The issues are whether the services provided by the Plaintiff are in the nature of support and whether, notwithstanding that the fees are payable to the Plaintiff, the debt is, nonetheless, dischargeable.

Whether a debt is in the nature of alimony, maintenance, or support is a function of federal law. *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 446 (11th Cir. 1996); *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 906 (11th Cir. 1985). A determination under section 523(a)(5) requires nothing more than a "simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support." *Harrell v. Sharp*, 754 F.2d at 906.

The Plaintiff's allegation that the services he provided are in the nature of support is supported by the case law. *See Miller v. Gentry (In re Miller)*, 55 F. 3d 1487, 1490 (10th Cir. 1995) ("[A] psychologist hired to evaluate the family in child custody proceedings, can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding."); *Aldridge v. Millner (In re Millner)*, 2015 WL 1933408 (Bankr. N.D. Ga. Apr. 23, 2015) (The services provided by a psychologist appointed by the state court to evaluate the parents and children in order to make custody and visitation recommendations were "services provided … for the welfare and benefit of the Debtor's children"). *Accord Hack v. Laney (In re Laney),* 53 B.R. 231, 235 (Bankr. N.D. Tex. 1985) (services rendered by a guardian ad litem are "so inextricably intertwined with the welfare of the children that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support.").

The Eleventh Circuit has held that fees owed directly to third parties may constitute a domestic support obligation under 11 U.S.C. § 101(14A), where the ordered payment to the third party by the debtor is "based on relative need and ability to pay." *In re Strickland*, 90 F.3d at 447. *See Simon, Schindler, Sandberg, LLP v. Gentilini (In re Gentilini)*, 365 B.R. 251, 254-55 (Bankr. S.D. Fla. 2007) (Although "the plain language

Case 16-01093-LMI    Doc 15    Filed 07/28/16    Page 6 of 9

Adv. Case No. 16-01093-LMI

of §523(a)(5) does not except from discharge liability on [sic] a right to payment to third parties …" cases recognize an exception "if the debt [to the third party] was in the nature of support **and** the former spouse would be financially impacted by discharging the debt." (emphasis in original)). *Accord Manz v. Palomino (In re Palomino)*, 355 B.R. 349 (Bankr. S.D. Fla. 2006). Thus, since the spouse or former spouse would be liable should the debtor not pay, the unpaid obligation owing to the third party would be "recoverable by the . . . spouse."

Consequently, while the claimant may not be the former spouse, the spouse or the child, so long as the court can determine that the debtor's obligation to pay was based on the relative financial positions of the parties, then the payment is in the "nature of support". Moreover, where the spouse, former spouse or child would otherwise be responsible for the payment, then the obligations would be "recoverable by the spouse". When these elements are both present then the debtor's obligation to a professional can qualify as a domestic support obligation.

However, the Plaintiff has asked that the Court expand the law to include as a non- dischargeable debt under either section 523(a)(5) or section 523(a)(15) *any* payment for services by a professional *"for the child's benefit, welfare, and support"* whether or not "owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative" because those fees directly relate to the welfare and benefit of the child. However, notwithstanding that many of the cases cited by the Plaintiff completely ignore the restriction on the identity of the claim holder, or apparently find the restriction irrelevant, it is not appropriate to disregard this statutory limitation.[2] It is a well-established principle "that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (internal quotations omitted) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). "We are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it, especially

---

[2] In *Hack v. Laney*, 53 B.R. 231, the court tried to reconcile this gap by holding that a debt for a guardian ad litem's attorney fees owed by joint debtor parents was non-dischargeable because the debt was "clearly the sort of obligation parents normally owe to their offspring." 53 B.R. at 235. What a parent ought to do for his or her child is not the same as an obligation owed to or recoverable by the child, and for purposes of non-dischargeability under section 523(a)(5) or section 523(a)(15), it is irrelevant.

6

when doing so would defeat the clear purpose behind the provision." *Nguyen v. U.S.*, 556 F.3d 1244, 1256 -1257 (11th Cir. 2009). The clear purpose of section 523(a)(5) and section 523(a)(15) is to shelter a protected class with respect to a particular category of debts. Thus, no matter how noble or laudable the holdings of these courts, insofar as they expand the scope of the statute beyond the express limitations set by Congress, such is an inappropriate exercise of judicial authority.

The Complaint alleges that the Plaintiff was appointed by the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County to evaluate the Minor Child and make recommendations to the court based on "issues raised by Hansman bearing on the welfare, custody, and support of Minor Child." The Complaint alleges that the Debtor and his former spouse voluntarily agreed to split the cost of the Plaintiff's analysis.[3]

The Complaint does not include any allegations that the state court allocated the cost of the Plaintiff's services on any other basis than the voluntary sharing of costs by the parents. These allegations are not sufficient to meet the limited exception regarding the creditor limitation of 11 U.S.C. §101(14A)(A)(i) because there is nothing in the Complaint that suggests that the state court took into account the relative financial positions of the Debtor and his former spouse. Moreover, based on the allegations of the Complaint, the former spouse did not have and does not have any responsibility for Plaintiff's unpaid fees or the associated attorney fees.

Because Count I fails to state a cause of action under 11 U.S.C. §523(a)(5) the Plaintiff is not entitled to a Default Final Judgment on Count I of the Complaint.

## II.   Exceptions to a Debtor's Discharge Under Section 523(a)(15)

Section 523(a)(15) provides, in pertinent part, that a discharge under Section 727

> does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

---

[3] The Complaint references an Exhibit A which is described as the "Order For Evaluation of Minor Child" and "Order Amending Order for Evaluation of Minor Child" but those documents were "intentionally omitted". While the Court certainly understands not including those exhibits in a public filing, the documents were also not filed under seal. So the Court can only rely on the Plaintiff's description in the Complaint of the Orders, which description, the Court assumes, is accurate.

The Complaint alleges that the Debtor's debt to the Plaintiff "is related to a child" and is therefore excepted from discharge.  However, the Plaintiff completely ignores the requirement of section 523(a)(15) that the debt be owed "to a spouse, former spouse or child".  While, as the Plaintiff points out, courts have held that section 523(a)(15) affects "all divorce-related obligations," *see e.g. Fisher v. Santry (In re Santry)*, 481 B.R. 824, 829 (Bankr. N.D. Ga. 2012) (quoting *Humiston v. Huddelston (In re Huddelston)*, 194 B.R. 681, 685 (Bankr. N.D. Ga. 1996)), those divorce-related obligations, to be non-dischargeable, can only be owed to a limited group of claimants; the debt must still be owed to the spouse, former spouse or child of the debtor.

Thus the Complaint fails to state a cause of action under section 523(a)(15) for the same reasons it fails to state a cause of action under section 523(a)(5) – there is nothing in the Complaint to support a finding that the obligations to the Plaintiff are owed to or by the Debtor's former spouse, either directly or indirectly.  The Plaintiff has not cited any case law that expands the reach of section 523(a)(15) to any creditor other than "to a spouse, former spouse, or child of the debtor", and this Court is unwilling, and, indeed, unable[4], to bypass the provisions of the statute.

Because Count II fails to state a cause of action under 11 U.S.C. §523(a)(15) the Plaintiff is not entitled to a Default Final Judgment on Count II of the Complaint.

### III.   The Request for Attorney Fees

If a court finds that a debt is non-dischargeable, then attorney fees incurred in collecting that debt are also non-dischargeable. *Harry Bradford Barrett Residuary Trust, et al. v. Barrett (In re Barrett)*, 410 B.R. 113, 123-24 (Bankr. S.D. Fla. 2009).  However, because the Complaint fails to state a cause of action with respect to the $4000.00, the attorney's fee claim fails as well.

### **CONCLUSION**

As this Court has previously observed, "bankruptcy is a privilege, not a right, but a benefit of that privilege is the right to discharge." *Dunn v. Quiepo (In re Quiepo),* No. 06-1916-BKC-LMI, 2007 WL 917248 at *10 (Bankr. S.D. Fla. Mar. 23, 2007).  Thus, "exceptions to discharge [are] narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code." *Equitable Bank*

---

[4] *See* Part I, *supra* p. 5 (discussing *Lamie v. United States Trustee*, 540 U.S. at 534).

*v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994) (quoting *Caspers v. Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987)). Both section 523(a)(5) and section 523(a)(15) limit not only the nature of the debts that are non-dischargeable but also the identity of the holder of such debts. While courts have been willing to expand slightly the provisions of section 523(a)(5) to a third party claim holder when a third party debt is (a) one for which the non-debtor former spouse or spouse is responsible if the debtor fails to pay and (b) is an obligation imposed based on the relative financial positions of the parties, such expansion has been narrowly limited and is based on the premise that the claim is indirectly a claim owed to the spouse or former spouse.

Because the Complaint fails to state a cause of action the Plaintiff's Motion for Final Default Judgment is DENIED. The Debtor, in his response, has requested the Complaint be dismissed.[5] The Plaintiff, if he chooses, may respond to the request for dismissal with respect to whether the dismissal should be with or without prejudice. Any such response shall be filed within twenty-one (21) days of the date of this Order.

# # #

**Copies furnished to:**
Linda Worton Jackson, Esq.
**SALAZAR JACKSON, LLP**
2000 Ponce de Leon Boulevard, Penthouse
Coral Gables, Florida  33134
Email: Jackson@SalazarJackson.com

Marc I. Hansman
*Debtor/Defendant*
13903 Southwest 90th Avenue, Apt. E214
Miami, Florida  33176-7181

---

[5] Because the Court has held that the Complaint fails to state a cause of action, the Court does not need to address the Plaintiff's argument that the Response is procedurally deficient.